Avert, J.
The errors assigned in this case are, first, that the Court sustained the demurrer to the fourth plea. This is a special demurrer, one of the causes assigned being that the plea amounts to the general issue; and in the opinion of the Court, the plea is liable to the objection stated. If the facts as set forth constitute a defence in the case, they go to the founda *497 tion of the plaintiff’s action, deny, in effect, the use and occupation, and form a good defence, under the general There was no error, therefore, iri sustaining the demurrer.
2d. The Court erred in rejecting the testimony of George W. Garretson, the assignee of the term. '
It is stated in the bill of exceptions, that the defendant offered in evidence the instrument of writing marked ££ C.,” (the assignment from Clark to Garretson,) and then offered as a witness, George W. Garretson, the assignee of Clark, to Whose competency the plaintiff objected. The Court sustained the objection, and the defendant excepted.
Before the judgment of the Court will be reversed, we must be satisfied that an error has been committed; it must be specifically pointed out. This record does not show upon what precise "ground the witness was rejected. Perhaps it was because he was the assignee of the lessee, with covenants as set forth in exhibit ££ C.” If such were the fact, it would answer no purpose in the case to decide whether in that, the judgment of the Court was right or wrong; for it is not stated that it was for that cause, nor does it appear that it was not for some other cause, that the witness was excluded. This error, in the opinion of the Court, is not well assigned. ’
The third error assigned is, in deciding that the Auditor’s deed did not sustain the second plea, or that nil habuit was not a good plea.
By the bill of exceptions it-appears that after the defendant had offered in evidence the auditor’s deed to Garretson, the plaintiff proved that the taxes for the year 1839 were duly paid, that Garretson had brought ejectment on his tax title against the defendant, that Armstrong defended and succeeded in his, defence, and that Clark had never been evicted.
The Court upon the evidence before them found all the issues for the plaintiff, and we are not able from any thing shown in the record, to determine that the judgment upon the-facts was erroneous.
*498 No judgment of the Superior Court is discerned pronouncing Nil habuit a bad plea.
The defendant urges further, as a ground of reversal, that the declaration is defective.
There is but a single count, and this the usual common count in debt for use and occupation. It is one that has long been recognized and sanctioned in England and in this country. The counsel for the defendant insists that the plaintiff was in the character'of an assignee and that the pleadings ought to show such character. If a special count on the lease had been proper and necessary, and actually inserted in the declaration, then the position would be correct. But a general count being good, for the recovery of rent, the defendant cannot deny that it was suited to the plaintiff’s case, till the evidence is given or the case shown ; then if the evidence is not applicable, or sufficient under the declaration, the record must be so made up as to point out the error. Nothing of this kind has been done in the present case. We find no error in the judgment, and it must be affirmed.